In the Matter of the Application of KACHADUR KEOSAIAN, Also Known as KEOSAIAN KACHADUR, for an Order Modifying an Order Heretofore Entered Denying United States Citizenship to Him.    Supreme Court, Bronx County, April 22, 1926.

Aliens — naturalization — order denying citizenship containing clause that it could " never be modified " is in excess of jurisdiction of court — order modified to permit petitioner to renew application.

An order denying citizenship to the petitioner, which contains a clause to the effect that said order can " never be modified " is in excess of the jurisdiction of the court and should be modified so as to permit the petitioner to renew his application.

MOTION by applicant for naturalization to modify order denying citizenship to him.

*Charles Grossman*, for the applicant.

GIBBS, J.  Applicant Kachadur Keosaian filed a petition for naturalization on March 30, 1915.  In October of that year he was convicted in the United States District Court for the Southern District of New York of conspiracy to commit perjury in connection with statements made in his application as to the actual period of residence in the United States.  He was fined twenty-five dollars.  Thereafter and on the 29th day of December, 1915, one of the justices of this court denied his application for citizenship.  The order entered thereon embodied an injunction against Keosaian from ever becoming a citizen of the United States. Thereafter he made another attempt to become naturalized and on March 6, 1923, the justice hearing that application made an order denying the application on the ground of " false statement on previous petition."  He enjoined petitioner directing that the

order " never be modified." On March 10, 1924, Keosaian received a full and unconditional pardon from the President of the United States for the purpose of restoring his civil rights. Thereafter and on May 7, 1924, an order was entered in this court modifying the order theretofore made on the 29th day of December, 1915, so as to permit the petitioner to again apply for citizenship. Petitioner urges that he was unaware of the order of March 6, 1923, or would have requested a modification thereof so as to eliminate the injunctive provision in that order also. He now moves that this relief be granted so that he may again renew his application to become a citizen of the United States. There are very few cases involving such an injunctive provision. In *Matter of Karasick* (208 App. Div. 844) the court modified an order entered denying citizenship by striking out the provisions that the petitioner be forever barred.

The principle enunciated by the Supreme Court of Montana in *State ex rel. Weisz v. District Court* (61 Mont. 427; 202 Pac. 387) applies to this proceeding with equal force. A judgment denying citizenship containing the clause "forever debarred from citizenship" was modified to the extent of eliminating the restrictive provision. The learned court said: "But the phrase 'forever debarred from citizenship' is not authorized by the act of Congress. * * * We then have a final judgment rendered by a State court, sitting under authority of the State Constitution, acting in a case brought before it and within its jurisdiction by act of Congress, containing a command not necessary to the determination of the issue then before the court, and not authorized by any law, State or federal, and clearly in excess of its jurisdiction. It is certainly not within the meaning of the act of Congress that a court may prescribe additional qualifications to become a citizen of the United States or to foreclose any subsequent legislation by Congress, either prescribing additional qualifications or omitting those now existing."

In the proceeding at bar it is not within the province of the court at this time to pass upon the proposition as to whether the applicant is entitled to be admitted to citizenship. The only question now before the court is: Should he be given the opportunity to renew his application? The United States government offers no opposition. In point of fact, it consents through the District Director of Naturalization to the entry of an order modifying the order heretofore made on March 6, 1923. I conclude that the relief prayed for should be granted. Application for modification of the order of March 6, 1923, so as to eliminate the injunctive provision granted. Order signed.